Connie TAYLOR as Trustee for the Estate of James B. Taylor, Appellant,

v.

RAYGO, INC., Appellee.

No. 81–2324.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1982.

Decided June 23, 1982.

Cochrane & Bresnahan, P.A., John A. Cochrane, Stewart C. Loper, St. Paul, Minn., for appellant.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Laura S. Underkuffler, Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and STEVENS,[*] District Judge.

PER CURIAM.

Appellant Connie Taylor, as trustee of the estate of her husband James, brought an action against appellee RayGo, Inc. under the Minnesota wrongful death statute, seeking recovery for her husband's death on a products liability theory. The district court ordered a bifurcated trial on the issues of liability and damages. On April 13, 1981 a jury returned a verdict finding appellee liable for the death. Another jury assessed damages at $575,000.00 on September 29, 1981. Appellant filed a motion seeking interest on this amount for the 169 day period between rendition of the two verdicts in the case. She now appeals from the denial of her motion. We affirm.

Trial of the instant case was originally set for March 30, 1981. Approximately three weeks before the trial date the district court advised counsel that the issues of liability and damages would be tried separately. After counsel for appellant objected to bifurcation,[1] the court reconsidered its position and advised the parties that if they agreed on a single proceeding, the court would vacate its bifurcation order. The court informed counsel, however, that "because the case would then extend for some weeks,[2] it [would] be interrupted on occasion for criminal and special term matters."

---

[*] The Honorable Joseph E. Stevens, Jr., United States District Judge, Eastern and Western Districts of Missouri, sitting by designation.

1. Counsel objected on the ground that separate proceedings would not shorten the case and would require bringing appellant and one of her witnesses from Utah on two occasions.

2. Counsel had previously advised the court during a pretrial conference that the case would take two or three weeks to try.

Appellee subsequently notified the court that it preferred bifurcation.

After separate trials on the issues of liability and damages appellant submitted a motion to tax interest from the date of the liability verdict. Noting that the question presented for decision had never been addressed by Minnesota statutory or case law, the district court denied the motion on the basis of the well-settled Minnesota rule allowing interest only on a liquidated claim or on an unliquidated claim that is ascertainable by computation or reference to a generally recognized standard such as market value and that does not depend on a contingency. *See Unique Systems, Inc. v. Zotos International, Inc.*, 622 F.2d 373, 379–80 (8th Cir. 1980); *Clements Auto Co. v. Service Bureau Corp.*, 444 F.2d 169, 189 (8th Cir. 1971); *Bonhiver v. Graff*, 248 N.W.2d 291, 304–05 (Minn.1976); *Potter v. Hartzell Propeller, Inc.*, 291 Minn. 513, 189 N.W.2d 499, 504 (1971); Minn.Stat.Ann. § 549.09 Subd. 1.

In arguing, on appeal, that she is entitled to interest on the amount awarded from the date of the liability verdict, appellant focuses on the impact of the bifurcated trial on her rights. Citing Federal Rule of Civil Procedure 42(b) she asserts that a trial court may order bifurcation only if the issues of liability and damages are distinct, separate trials will not prejudice either party, and bifurcation decreases trial time and costs. Appellant contends that the bifurcated proceeding in the instant case resulted in prejudice since she lost the use of the damages award for the 169 day period between the two verdicts. She argues that this hardship should have been alleviated by an equitable award of interest.[3]

We have previously stated the Minnesota rule on awards of prejudgment interest.

The rule in Minnesota is that a plaintiff is entitled to pre-judgment interest on a liquidated claim, a sum certain, or on an unliquidated claim if the claim is ascertainable by computation or reference to generally recognized standards such as market value, and if the claim does not depend on a contingency. [Citations omitted]

\* \* \* \* \* \*

It is also the rule in Minnesota that pre-judgment interest is not allowed ... where the amount of the claim is dependent in whole or in part upon the discretion of the jury. [Citations omitted]

*Clements Auto Co. v. Service Bureau Corp.*, 444 F.2d at 189. In light of this long-standing rule and in the absence of a specific directive by the Minnesota legislature authorizing an award of interest after a liability verdict but before a specific award of damages in a bifurcated trial, we decline to accept appellant's argument that she was entitled to interest from the date of the liability verdict.[4]

Accordingly, the judgment of the district court is affirmed.

---

3. Appellant relies on *Miller v. Robertson*, 266 U.S. 243, 257–58, 45 S.Ct. 73, 78–79, 69 L.Ed. 265 (1924), to support the contention that the trial court has the equitable power to award interest to fairly compensate a party even though a claim for damages is unliquidated. A reading of that case, however, belies appellant's contention. In *Miller* the Court allowed interest on a claim that, although unliquidated, was ascertainable by computation. It is apparent that this result does not differ from the result reached by applying the Minnesota rule in the instant case.

4. To the extent that appellant challenges the district court's bifurcation order, we conclude that she has not demonstrated that the court abused its discretion. *See Beeck v. Aquaslide 'n Dive Corp.*, 562 F.2d 537, 541 (8th Cir. 1977).