CRADDOCK, APPELLANT, *v.* EAGLE PICHER INDUSTRIES, INC. ET AL., APPELLEES.

384

(No. 9-112—Decided December 23, 1982.)

*Mr. David G. Schmidt,* for appellant.

*Mr. Paul H. Hentemann* and *Mr. William F. Fudale,* for appellee Eagle Picher Industries, Inc.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Mable Jasper,* for appellee Industrial Commission.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Lake County, wherein the court granted appellee's (Eagle Picher's) motion for summary judgment which denied appellant's (Craddock's) claim for workers' compensation benefits. We reverse.

Paul W. Craddock developed a lung disability in August 1974, and left work as a result. Cancer was discovered in Craddock's left lung in August 1977, and the lung was removed. Craddock filed a claim for compensation on September 14, 1978.

The assignment of error is as follows:

"The trial court erred to the prejudice of Plaintiff-Appellant in granting Defendant-Appellee's Motion for Summary Judgment and dismissing Plaintiff-Appellant's appeal."

The issue is whether Craddock's claim was barred by the statute of limitations. R.C 4123.85 provides:

"In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits shall be forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or to the employer in the event such employer has elected to pay compensation or benefits directly."

Since cancer was first diagnosed August 31, 1977 and the claim was filed September 14, 1978, the claim was filed within two years of disability. We disagree with the argument that Craddock was disabled from cancer before it was discovered.

Resolution 21 of the Industrial Commission is consistent with our position:

"21. OCCUPATIONAL DISEASE APPLICATIONS — PERIOD FOR FILING

"It is hereby directed that since R.C. Section 4123.85 provides that an occupational disease application (other than silicosis) shall be barred unless made to the Bureau within two years after the disability began or within two years after death, and that said Section does not define the word 'disability,' the following should be used as an instruction guide in determining 'when disability due to the disease began':

"Disability due to an occupational disease shall be deemed to have begun as of the date on which the claimant first became aware through medical diagnosis that he was suffering from such disease or the date on which he first received medical treatment for such disease or the date claimant first quit work on account of such disease, whichever date is the latest."

The judgment of the trial court is reversed and remanded to the common pleas court for further proceedings.

*Judgment reversed and cause remanded.*

HOFSTETTER, P.J., and COOK, J., concur.