817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Edward SMITH, Plaintiff-Appellant,
v.
Mike GARDNER, Sheriff, et al., Defendants-Appellees.
 No. 86-5558.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 Plaintiff moves for counsel on appeal from the district court's judgment for the defendants in this civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed four complaints in the district court, alleging that the defendants beat plaintiff and forced him to confess to murder, refused to allow plaintiff to telephone his attorney, withheld medical treatment and subjected plaintiff to cruel and inhuman treatment during his incarceration. The complaints were consolidated and the district court impaneled a jury and received the evidence. The court determined that plaintiff's first cause of action should be dismissed without prejudice, and granted defendant's motion for a directed verdict with respect to plaintiff's second action. The remaining two causes of action were submitted to the jury, which returned verdicts in favor of the defendants. This appeal followed.
 
 
 4
 The district court correctly dismissed plaintiff's first complaint without prejudice. Plaintiff alleged that the defendant beat plaintiff and forced him to confess to a murder, for which plaintiff was subsequently convicted and sentenced to die. Plaintiff sought his immediate release. Under these circumstances, a federal court must "stay its hand" because a judgment in such a civil rights case "would involve a ruling implying that a state conviction is ... illegal." Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam). The court correctly dismissed the action without prejudice to plaintiff's right to refile if he can establish a constitutional deprivation through habeas corpus. Id.
 
 
 5
 Next, the district court correctly directed that a verdict be entered in favor of the defendant with regard to the second complaint. The undisputed evidence at trial revealed that the defendant refused to allow plaintiff to telephone his attorney for one week for disciplinary reasons. However, defendant offered to telephone the attorney for plaintiff and did not otherwise interfere with plaintiff's access to counsel. It is clear that plaintiff's constitutional rights were not violated. See Wooden v. Norris, 637 F.Supp. 543, 553-58 (M.D.Tenn.1986); Jones v. Wittenberg, 330 F.Supp. 707, 718-19 (N.D.Ohio 1971), aff'd sub nom. Jones v. Metzger, 456 F.2d 854 (6th Cir.1972). Reasonable minds could only conclude in favor of defendant; the court therefore correctly directed that a verdict be entered in defendant's favor. Yung v. Raymark Industries, Inc., 789 F.2d 397, 399 (6th Cir.1986); Littlejohn v. Rose, 768 F.2d 765, 770 (6th Cir.1985), cert. denied, 106 S.Ct. 1260 (1986).
 
 
 6
 Plaintiff argues on appeal that the district court erred: (1) in refusing to appoint counsel for plaintiff; (2) in allowing defendants to question plaintiff about his prior felony convictions; and, (3) in its instructions to the jury. These arguments are without merit.
 
 
 7
 First, the district court was within its discretion to deny counsel to represent plaintiff because the claims involved were not complex, nor was plaintiff unable to present the claims. Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983). Second, a review of the transcript reveals that the district court adequately determined that the probative value of evidence of plaintiff's murder conviction outweighed the prejudicial effect. See Murr v. Stinson, 752 F.2d 233 (6th Cir.1985). Third, plaintiff failed to object to the jury instructions at trial, and the matter has not been preserved for appeal because the record contains no "obvious and prejudicial" error. Murphy v. Owens-Illnois, Inc., 779 F.2d 340, 344-46 (6th Cir.1985).
 
 
 8
 Therefore, plaintiff's motion for appointment of counsel is denied. The judgment of the district court is affirmed pursuant to Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation