OPINION.
{¶ 1} Administrator James Conrad, on behalf of the Ohio Bureau of Workers' Compensation ("appellant"), appeals the June 6, 2002 judgment entry of the Trumbull County Common Pleas Court. In that entry, the trial court entered judgment on a jury verdict awarding John Schuller ("appellee") the right to participate in the State of Ohio's Workers' Compensation Fund. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} The following facts were taken from the testimony given at trial. On August 8, 1999, appellee filed a claim with the Ohio Bureau of Workers' Compensation alleging he suffered from the occupational disease known as asbestosis. Prior to filing the claim, appellee was employed by U.S. Steel from 1971-1980, Trumbull Memorial Hospital from 1980-1981, LTV Steel from 1981-1986, and General Motors Corporation from 1986 to the present. Appellee's claim was denied at the administrative level. As a result, appellee filed a notice of appeal and complaint with the trial court on February 1, 2001. In that appeal, appellee asserted that he developed asbestosis as a result of working for all of the above-mentioned employers. Subsequently, LTV and General Motors Corp. filed motions for summary judgment. In January of 2002, LTV declared bankruptcy and appellant became obligated to its claims. The trial court denied the motions for summary judgment on February 22, 2002.
 {¶ 3} One day prior to trial, Trumbull Memorial Hospital and General Motors Corp. settled their claims with appellee. On the first day of trial, Defendant U.S. Steel was voluntarily dismissed as it also reached a settlement with appellee. As a result, the former LTV, now represented by appellant, was the only defendant to proceed to trial. At the close of appellee's case, both parties moved for a directed verdict on the issue of treatment for purposes of the statute of limitations defense under R.C. 4123.85. Appellant argued that appellee had been diagnosed in March of 1996, and that as a result, appellee's 1999 claim exceeded the two-year statute of limitations contained in R.C. 4123.85. In response, appellee argued that under R.C. 4123.85, there were three distinct events that triggered the running of the statute: diagnosis, treatment, and quitting work as a result of the occupational disease. Finding that there was no evidence of treatment, the trial court granted appellee's motion for a directed verdict on the issue.
 {¶ 4} At the close of all evidence, appellant also requested that the jury be instructed as to the issue of "last injurious exposure." The trial court denied appellant's request. Subsequently, the jury returned a verdict in favor of appellee, granting him the right to participate in the workers' compensation fund as a result of his asbestosis. This timely appeal followed.
 {¶ 5} During the pendency of the appeal, appellee filed a motion to dismiss for lack of standing/subject matter jurisdiction. On July 16, 2003, this court found that appellant has the proper standing to bring this appeal. Appellee's motion to dismiss was, therefore, overruled.
 {¶ 6} Appellant asserts two assignments of error for our review:
 {¶ 7} "[1.] The verdict should be overturned and/or the case remanded back to the trial court because the trial court erred in granting a directed verdict in favor of appellee and against appellant on the issue of treatment for purposes of the statute of limitations defense.
 {¶ 8} "[2.] The trial court erred in failing to instruct the jury on the issue of last injurious exposure because the trial court had jurisdiction to resolve the issue."
 {¶ 9} A motion for a directed verdict presents a question of law that an appellate court reviews de novo. Nichols v. Hanzel (1996),110 Ohio App.3d 591, 599. "A motion for a directed verdict does not present a question of fact or raise factual issues, but instead presents a question of law, even though in deciding such a motion it is necessary to review and consider the evidence." Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, paragraph one of syllabus. In deciding a motion for a directed verdict, neither the weight of the evidence nor the credibility of the witnesses is to be considered. Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284. Instead, "when a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury." Ruta,69 Ohio St.2d at 68. The motion for directed verdict must be denied "if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions." Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 115.
 {¶ 10} Asbestosis is an "occupational disease and compensable as such when contracted by an employee in the course of the employment in which such employee was engaged * * *." R.C. 4123.68 (emphasis added). "Medical, hospital, and nursing expenses [relating to asbestosis] are payable in accordance with this chapter." R.C. 4123.68(Y). "[T]he administrator of workers' compensation shall disburse and pay from the state insurance fund the amounts for medical, nurse, and hospital services and medicine * * *." R.C. 4123.66(A). Thus, an employee that suffers from asbestosis as a result of his or her employment has a right, at the time he or she contracts the disease, to participate in the state insurance fund for any medical expenses associated with the disease.
 {¶ 11} "Compensation on account of * * * asbestosis * * * [, however, is] payable only in the event of total disability, or death, in accordance with sections 4123.56, 4123.58, and 4123.59 of the Revised Code." R.C. 4123.68(Y) (emphasis added). R.C. 4123.68(Y) fails to mention R.C. 4123.57, which establishes partial disability rights. Moreover, the statute specifically modifies "disability" with "total." Clearly, the legislature's intent was only to extend compensation benefits to those employees that are totally disabled as a result of asbestosis, rather than those employees that are partially disabled as a result of the disease. See, also, White v. Mayfield (1988), 37 Ohio St.3d 11, 13 ("A review of R.C. Chapter 4123 reveals that certain occupational diseases are compensable only if total disability or death results.").
 {¶ 12} Disability means the inability to work. Id. at 12; see, also, State ex rel. Preston v. Peabody Coal Co. (1984), 12 Ohio St.3d 72,73-74. Because appellee is currently employed with General Motors, appellee is neither partially nor totally disabled. Thus, appellee is not entitled to disability benefits, nor is he attempting to obtain such benefits at this time. Rather, appellee is merely seeking a declaration that he is entitled to participate in workers' compensation "if he incurs medical expenses because of his asbestosis some time in the future."
 {¶ 13} Because appellee suffers from asbestosis as the result of his employment and because appellee currently is still employed, he may be entitled to participate in the insurance fund for future medical expenses associated with his disease, but he is not entitled to receive compensation benefits unless and until he becomes totally disabled as a result of his asbestosis. Thus, the jury's verdict granting appellee the right to participate in workers' compensation can only apply to appellee's right to participate for future medical expenses associated with his disease. The jury's decision, therefore, will not be disturbed unless appellee's claim was barred by the relevant statute of limitations.
 {¶ 14} The primary focus of appellant's argument that appellee's claim is time barred centers around the Supreme Court of Ohio's holding in White v. Mayfield, 37 Ohio St.3d 11. In interpreting the statute of limitations outlined in R.C. 4123.85, the Ohio Supreme Court set forth a three-prong test for determining the onset of a disability. The court held that "disability due to an occupational disease shall be deemed to have begun as of [1] the date on which the claimant first became aware through medical diagnosis that he was suffering from such disease, or [2] the date on which he first received medical treatment for such disease, or [3] the date claimant first quit work on account of such disease, whichever date is latest." Id. at syllabus.
 {¶ 15} As previously mentioned, our focus is on the second prong of the above-mentioned test. Appellant argues that appellee received treatment for his claimed asbestosis more than two years prior to filing a claim with appellant. In support of its argument, appellant claims that appellee knew he had been diagnosed with asbestosis in March of 1996. Further, appellant states that appellee was examined and tested by his family doctor, John Delliquadri, M.D., and that Dr. Delliquadri then referred appellee to Rita Kartan, M.D., a pulmonary specialist. As a result, appellant asserts that these events triggered the running of the statute of limitations in R.C. 4123.85. However, after thoroughly reviewing the record, we disagree with appellant on this issue.
 {¶ 16} Throughout its argument, appellant attempts to invoke the definition of treatment as contained in Biddle v. General Dynamics LandSystems (Dec. 12, 1991), 3rd Dist. No. 1-91-22, 1991 Ohio App. LEXIS 6201. In Biddle, the court defined treatment as "all steps taken to effect a cure of an injury or disease." Id. at *5. Based on that definition, appellant claims that the concepts of diagnosis and treatment are one in the same. However, the decision in Biddle only applies to the definition of treatment as contained in R.C. 4123.84, not R.C. 4123.85. Also, the Supreme Court of Ohio's holding in White, indicates that the Court has separated the concept of diagnosis and treatment into two distinct stages. This court has also adopted the distinct concepts of diagnosis and treatment in Craddock v. Eagle Picher Industries, Inc.
(1982), 8 Ohio App.3d 383; Doll v. Conrad, 11th Dist. No. 2001-T-0018,2001-Ohio-8737, 2001 Ohio App. LEXIS 5664; and Campbell v. Mayfield
(Sept. 30, 1992), 11th Dist. No. 91-P-2337, 1992 Ohio App. LEXIS 5039.
 {¶ 17} Appellee testified that after receiving a screening in 1996, he was told by his employer that he might be suffering from asbestosis. Once aware of this fact, appellee sought confirmation from his family doctor, John Delliquadri, M.D. At trial, when asked if he prescribed any treatment for appellee's asbestosis, Dr. Delliquadri replied, "I did not." Similarly, when Dr. Kartan was asked if she treated appellee for asbestosis, she replied, "No, I didn't." Appellant contends the Dr. Kartan gave appellee an inhaler for a breathing problem. However, an examination of Dr. Kartan's testimony reveals that the inhaler was given to appellee for suspected emphysema, not for asbestosis. Dr. Kartan's testimony clearly states that she had not diagnosed appellee with asbestosis at the time of his visit, nor could she confirm appellee's suspicions of asbestosis. The use of the inhaler was further confirmed at trial by the testimony of Dr. Venizelos, who testified that the inhaler given to appellee was "used most commonly in the treatment of chronic bronchitis." When asked if the inhaler was a potential treatment for asbestosis, Dr. Venizelos replied, "No."
 {¶ 18} Based on the above, we conclude that appellee has not received any type of treatment for his asbestosis. The visits to Dr. Delliquadri and Dr. Kartan were made in an attempt to confirm the possible existence and diagnosis of asbestosis. Appellant has failed to demonstrate otherwise. We, therefore, conclude that the trial court properly determined that there was a lack of evidence demonstrating appellee had received treatment for the purposes of R.C. 4123.85. Provisions "such as R.C. 4123.85 must be * * * liberally construed in favor of employees." White, 37 Ohio St.3d at 14. As a result, the trial court did not err in granting appellee's motion for a directed verdict on the issue of treatment as it pertains to R.C. 4123.85.
 {¶ 19} Because this court agrees with the trial court that appellee has yet to receive treatment, it is unnecessary to examine the statute of limitations issue of whether appellee had quit work on account of his disease when he voluntarily quit his position with LTV in 1986. Appellant's first assignment of error is, therefore, overruled.
 {¶ 20} In its second assignment of error, appellant argues that the trial court should have issued a jury instruction on the issue of "last injurious exposure" under R.C. 4123.68(Y). Under R.C. 4123.68(Y), the issue of "last injurious exposure" is a factor that determines the source of a potential claimant's compensation. Appellant claims that since appellee has had multiple employers and alleged injurious exposure to asbestos at each location, the trial court was required to issue a jury instruction for that purpose. We disagree with appellant.
 {¶ 21} For purpose of appellate review, "the decision to issue a particular jury instruction rests within the sound discretion of the trial court." State v. Huckabee (Mar. 9, 2001), 11th Dist. No. 99-G-2252, 2001 Ohio App. LEXIS 1122. Thus, our review is limited to whether the trial court abused its discretion in refusing to give appellant's requested jury instruction. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 22} The record indicates that except for LTV, all other employers of appellee had settled prior to, or on the day of, trial. The record also indicates that the issues before the jury were: "(1) Did John Schuller contract an occupational disease; (2) Did John Schuller contract the occupational disease in the course of his employment with LTV Steel Company; and (3) Did the occupational disease contracted by John Schuller arise out of his employment with LTV Steel Company." While appellant is correct that Dr. Venizelos mentioned appellee's last injurious exposure, appellant admits that the issue has not been resolved at the administrative level.
 {¶ 23} Appellant fails to cite any case authority supporting its application and interpretation of R.C. 4123.68(Y). Although R.C. 4123.68(Y) references "last injurious exposure," the purpose of R.C. 4123.68(Y) is to establish a statue of limitations on claims, rather than impose elements of proof which the claimant must meet. Moreover, R.C. 4123.68(Y) does not apply to claims filed after January 1, 1976, nor does it apply to any asbestosis cases. Thus, we cannot say that the trial court abused its discretion in denying appellant's jury instruction regarding last injurious exposure in this case. Appellant's second assignment of error is, therefore, without merit.
 {¶ 24} For the foregoing reasons, we hold appellant's first and second assignments of error are without merit. The decision of the trial court is hereby affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.