**FRASIER**

v.

**TWENTIETH CENTURY–FOX FILM CORP. et al.**

Civ. A. No. 44–52.

United States District Court
D. Nebraska, Lincoln Division.

Jan. 22, 1954.

Richard W. Smith (Woods, Aitken & Aitken), Lincoln, Neb., for plaintiff.

Kenneth E. Anderson (Beghtol, Mason & Anderson), Lincoln, Neb., for defendants.

DELEHANT, District Judge.

In this action for the recovery of treble damages arising out of the alleged violation of the Anti-trust laws, Title 15 U.S.C. Section 1 et seq., several motions are pending. I shall now announce briefly their separate disposition, so far as immediate disposition appears to be in order. I shall not offer any extended discussion of the considerations which prompt the rulings. Such discussion could serve no useful purpose, and would be calculated rather to invite and encourage the preliminary confusion which too commonly characterizes such cases and may be discerned in the file before me.

I. Motion to Quash Service of Summons and to Dismiss (filing 14)

This motion is tendered by Paramount Pictures, Inc., and rests on the contention that the moving party is not suable, and has not been validly served with process, in this district. Among many other subsidiary assertions it is urged that the moving entity has neither been authorized to do, nor done, business in Nebraska since December 8, 1932 and has been dissolved in the state of its erection since December 30, 1949. The plaintiff challenges the reality of both the withdrawal from Nebraska and the corporate dissolution of the moving defendant.

An attempt has been made, with my approval and participation, to submit the motion on affidavits and briefs. But it has accomplished little more than a demonstration of the inadequacy of that technique, at least in the instant case, insofar as the determination of the basic facts is involved. Only in a minor portion of their language are the affidavits entitled to appraisal as evidence. Some of them do contain statements of fact which should be considered. But—on both sides—they consist principally of ill concealed hearsay; the conclusions sometimes of the affiants, but often of the attorneys preparing the affidavits, from material only partly before the court, some of which material is itself hearsay; and bald argument both of fact and of law. Some of the principal affidavits are also subject to very narrow, if any, acceptance because they are made by the attorneys who are actively presenting the case to the court. The submission by counsel of themselves as witnesses upon important questions of fact in their cases is censurable and ought sternly to be discouraged. Earlier I struck from the files one affidavit on the motion upon considerations of the nature already suggested. And if I were compelled to pass upon the motion solely upon the showings now before me, I would undoubtedly strike, entirely or in part, still others presented by both parties.

But I have concluded that the showings now made are wholly unsatisfactory as the foundation for an informed ruling on the motion and that I should require the plaintiff and the moving party to present factual evidence upon the motion in open court as in a formal hearing before the judge. Upon such evidence I shall find the facts and pass upon the motion.

Therefore, an order is being entered vacating the submission or attempted submission of the motion and ordering that it be determined not upon affidavits whether now filed or not, but after a hearing on the pertinent facts in open court. The time for such hear-

ing is not presently set but will be fixed by the court after the conference with counsel mentioned in part III, infra.

## II. Motion for Preliminary Trial and Determination Upon Issue of Limitations (filing 24)

This motion was made by all named defendants except Paramount Pictures, Inc. Its ostensible principal aim is the restriction in point of time of the area of proof upon the final trial. But it is also designed as a method of narrowing the range and interval over which pre-trial discovery may be allowed. Indeed, it frankly so acknowledges in its insistence that it be heard and granted before the determination of the matters involved in part III, infra.

 That the court has the power to hold a separate hearing and make a preliminary ruling upon the issue of limitations is undoubtedly true. Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A. The right so to proceed "in furtherance of convenience or to avoid prejudice" is not seriously controverted. But the trial piecemeal of separate issues in a single suit is not the usual course. It should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice.

 At the present moment in this case, I am not persuaded that such a preliminary and partial trial should be held. It is clearly unnecessary to avoid prejudice; and instead of furthering convenience it would more likely provoke great inconvenience and a multitude of unnecessary collateral controversies. It may well be that, after the completion of the pending, or even further, discovery proceedings and before final trial I shall determine the issue. But, I shall not do it now or before the prosecution of the discovery efforts reflected in part III, infra.

An order is being entered accordingly.

## III. Motion for Order Under Rule 34 (filing 18) and Motions Amendatory and Supplemental Thereto (filings 19 and 21)

In separate pleadings as just indicated the plaintiff prays for an order directing all defendants to produce for inspection, copying or photographing a great many designated papers, books, accounts and records. All defendants resist that motion.

 The objection of Paramount Pictures, Inc., challenges the right of the plaintiff to obtain an order effective upon the objector because of the alleged invalidity of service of process upon it. The effectiveness of such process and its service has not been determined See part I, supra. I am of the opinion that unless and until I decide that the objecting corporation has been validly brought into this court and suit as a party defendant, I should not allow the present motion as against it. Therefore, ruling upon its objection is deferred until such time as the hearing contemplated in part I, supra, shall have been had and determination made upon the issue presented at such hearing. Then, if the objecting corporation shall be released from the case, the present motion will automatically fail. But if it shall remain a party, the motion may be renewed and ruled upon.

The other defendants object to the allowance of the motion on many grounds, including the plaintiff's alleged failure to make a showing therefor adequate under Rule 34; the alleged nonexistence, or unavailability to one or more defendants, of several requested items; the long period of time over which the projected discovery extends; and the burden and expense of the work necessarily cast upon the several defendants in locating and producing the items sought, or many of them. And their objections, in the form of a showing, include affidavits supporting their views made in behalf of the several objecting corporations.

█ I have concluded generally that the objections (other than those of Paramount Pictures, Inc.) should be denied and overruled and an order for production as requested should be granted under Rule 34. And an order to that effect will be made and given. It will be prepared, in the first instance, by plaintiff's counsel, after conference between attorneys for both sides and me in which the practical details of production and use will be determined. It will recognize the possibility that some of the items sought may not be within the possession of one or more of the defendants and will allow to the defendants severally the right formally and expressly to deny, in writing duly filed herein, their possession of the requested item or items, but with the sanction that any requested item not reached by the discovery in consequence of such denial shall thereafter be ineligible to reception in evidence upon the offer of any or all of the defendants.

An order for that conference with counsel will be made at the earliest time when a date for the conference shall appear to be available with certainty.

██ It is recognized that the proposed discovery deals partly with transactions antedating the period within which a claim might have arisen to which the statute of limitations would not be a bar. But discovery may extend to such earlier events. That which is subject to production under Rule 34 need not itself be evidence. It is enough that it be "not privileged" and "relevant to the subject matter involved in the pending action". Rule 26(b) as incorporated into Rule 34.

█ I am aware, too, that compliance with the contemplated order will entail substantial inconvenience and expense to the defendants. But I am not prompted by that circumstance either to deny the discovery requested or to make it intolerably burdensome to the plaintiff by the preliminary casting on him of the financial load which it will involve for his adversaries.

After all, the objecting defendants have already sought and, over the plaintiff's protest, obtained an order under Rule 34 for the production of much material not all of which is likely to be received as evidence upon the trial. I do not say that the reach of that order is as great as that of the one now foreshadowed. However, they are not vitally distinguishable.