Jerry A. BEECK and Judy A. Beeck, Appellants,

v.

AQUASLIDE 'N' DIVE CORPORATION, Appellee.

No. 76–1934.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1977.

Decided Sept. 14, 1977.

Kent M. Forney (on brief), Bradshaw, Fowler, Proctor & Fairgrave, John A. McClintock (on brief), Hansen, Wheatcraft & McClintock, Des Moines, Iowa, argued, made rebuttal, and appeared on appendix, for appellants.

Richard G. Santi (argued), Ahlers, Cooney, Dorweiler, Haynie & Smith (argued), and Paul F. Ahlers, Des Moines, Iowa, on brief and on appendix, for appellee.

Before BRIGHT and HENLEY, Circuit Judges, and BENSON, District Judge.[*]

BENSON, District Judge.

This case is an appeal from the trial court's[1] exercise of discretion on procedural matters in a diversity personal injury action.

Jerry A. Beeck was severely injured on July 15, 1972, while using a water slide. He and his wife, Judy A. Beeck, sued Aquaslide 'N' Dive Corporation (Aquaslide), a Texas corporation, alleging it manufactured the slide involved in the accident, and sought to recover substantial damages on theories of negligence, strict liability and breach of implied warranty.

Aquaslide initially admitted manufacture of the slide, but later moved to amend its answer to deny manufacture; the motion was resisted. The district court granted leave to amend.[2] On motion of the defendant, a separate trial was held on the issue of "whether the defendant designed, manufactured or sold the slide in question." This motion was also resisted by the plaintiffs.

---

[*] The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

[1] The Honorable William C. Hanson, United States District Judge for the Southern District of Iowa.

[2] *Beeck v. Aquaslide 'N' Dive Corporation*, 67 F.R.D. 411 (S.D.Iowa 1975).

The issue was tried to a jury, which returned a verdict for the defendant, after which the trial court entered summary judgment of dismissal of the case. Plaintiffs took this appeal, and stated the issues presented for review to be:

1. Where the manufacturer of the product, a water slide, admitted in its Answer and later in its Answer to Interrogatories both filed prior to the running of the statute of limitations that it designed, manufactured and sold the water slide in question, was it an abuse of the trial court's discretion to grant leave to amend to the manufacturer in order to deny these admissions after the running of the statute of limitations?

2. After granting the manufacturer's Motion for Leave to Amend in order to deny the prior admissions of design, manufacture and sale of the water slide in question, was it an abuse of the trial court's discretion to further grant the manufacturer's Motion for a Separate Trial on the issue of manufacture?

### I. Facts.

A brief review of the facts found by the trial court in its order granting leave to amend, and which do not appear to have been in dispute, is essential to a full understanding of appellants' claims.

In 1971 Kimberly Village Home Association of Davenport, Iowa, ordered an Aquaslide product from one George Boldt, who was a local distributor handling defendant's products. The order was forwarded by Boldt to Sentry Pool and Chemical Supply Co. in Rock Island, Illinois, and Sentry forwarded the order to Purity Swimming Pool Supply in Hammond, Indiana. A slide was delivered from a Purity warehouse to Kimberly Village, and was installed by Kimberly employees. On July 15, 1972, Jerry A. Beeck was injured while using the slide at a social gathering sponsored at Kimberly Vil-

lage by his employer, Harker Wholesale Meats, Inc. Soon after the accident investigations were undertaken by representatives of the separate insurers of Harker and Kimberly Village. On October 31, 1972, Aquaslide first learned of the accident through a letter sent by a representative of Kimberly's insurer to Aquaslide, advising that "one of your Queen Model # Q–3D slides" was involved in the accident. Aquaslide forwarded this notification to its insurer. Aquaslide's insurance adjuster made an on-site investigation of the slide in May, 1973, and also interviewed persons connected with the ordering and assembly of the slide. An inter-office letter dated September 23, 1973, indicates that Aquaslide's insurer was of the opinion the "Aquaslide in question was definitely manufactured by our insured." The complaint was filed October 15, 1973.[3] Investigators for three different insurance companies, representing Harker, Kimberly and the defendant, had concluded that the slide had been manufactured by Aquaslide, and the defendant, with no information to the contrary, answered the complaint on December 12, 1973, and admitted that it "designed, manufactured, assembled and sold" the slide in question.[4]

The statute of limitations on plaintiff's personal injury claim expired on July 15, 1974. About six and one-half months later Carl Meyer, president and owner of Aquaslide, visited the site of the accident prior to the taking of his deposition by the plaintiff.[5] From his on-site inspection of the slide, he determined it was not a product of the defendant. Thereafter, Aquaslide moved the court for leave to amend its answer to deny manufacture of the slide.

### II. Leave to Amend.

Amendment of pleadings in civil actions is governed by Rule 15(a), F.R.Civ.P., which provides in part that once issue is joined in

---

3. Aquaslide 'N' Dive Corporation was the sole defendant named in the complaint.

4. In answers to interrogatories filed on June 3, 1974, Aquaslide again admitted manufacture of the slide in question.

5. Plaintiffs apparently requested Meyer to inspect the slide prior to the taking of his deposition to determine whether it was defectively installed or assembled.

a lawsuit, a party may amend his pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court had occasion to construe that portion of Rule 15(a) set out above:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires," this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . .

371 U.S. at 182, 83 S.Ct. at 230. *See also McIndoo v. Burnett*, 494 F.2d 1311 (8th Cir. 1974); *Standard Title Ins. Co. v. Roberts*, 349 F.2d 613 (8th Cir. 1965).

▪ This Court in *Hanson v. Hunt Oil Co.*, 398 F.2d 578, 582 (8th Cir. 1968), held that "[p]rejudice *must be shown*." (Emphasis added). The burden is on the party opposing the amendment to show such prejudice. In ruling on a motion for leave to amend, the trial court must inquire into the issue of prejudice to the opposing party, in light of the particular facts of the case. *Standard Title Ins. Co. v. Roberts*, 349 F.2d at 622.

▪ Certain principles apply to appellate review of a trial court's grant or denial of a motion to amend pleadings. First, as noted in *Foman v. Davis*, allowance or denial of leave to amend lies within the sound discretion of the trial court, *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77, *rehearing denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971); *Weigand v. Afton View Apartments*, 473 F.2d 545, 549 (8th Cir. 1973), and is reviewable only for an abuse of discretion. *Mercantile T. C. N. A. v. Inland Marine Products*, 542 F.2d 1010, 1012 (8th Cir. 1976). The appellate court must view the case in the posture in which the trial court acted in ruling on the motion to amend. *Izaak Walton League of America v. St. Clair*, 497 F.2d 849, 854 (8th Cir.), *cert. denied*, 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (1974).

▪ It is evident from the order of the district court that in the exercise of its discretion in ruling on defendant's motion for leave to amend, it searched the record for evidence of bad faith, prejudice and undue delay which might be sufficient to overbalance the mandate of Rule 15(a), F.R. Civ.P., and *Foman v. Davis*, that leave to amend should be "freely given." Plaintiffs had not at any time conceded that the slide in question had not been manufactured by the defendant, and at the time the motion for leave to amend was at issue, the court had to decide whether the defendant should be permitted to litigate a material factual issue on its merits.

In inquiring into the issue of bad faith, the court noted the fact that the defendant, in initially concluding that it had manufactured the slide, relied upon the conclusions of three different insurance companies,[6] each of which had conducted an investigation into the circumstances surrounding the accident. This reliance upon investigations of three insurance companies, and the fact that "no contention has been made by anyone that the defendant influenced this possibly erroneous conclusion," persuaded the court that "defendant has not acted in such bad faith as to be precluded from contesting the issue of manufacture at trial." The court further found "[t]o the extent that 'blame' is to be spread regarding the origi-

---

6. The insurer of Beeck's employer, the insurer of Kimberly Village, as well as the defendant's insurer had each concluded the slide in question was an Aquaslide.

nal identification, the record indicates that it should be shared equally."

In considering the issue of prejudice that might result to the plaintiffs from the granting of the motion for leave to amend, the trial court held that the facts presented to it did not support plaintiffs' assertion that, because of the running of the two year Iowa statute of limitations on personal injury claims, the allowance of the amendment would sound the "death knell" of the litigation. In order to accept plaintiffs' argument, the court would have had to assume that the defendant would prevail at trial on the factual issue of manufacture of the slide, and further that plaintiffs would be foreclosed, should the amendment be allowed, from proceeding against other parties if they were unsuccessful in pressing their claim against Aquaslide. On the state of the record before it, the trial court was unwilling to make such assumptions,[7] and concluded "[u]nder these circumstances, the Court deems that the possible prejudice to the plaintiffs is an insufficient basis on which to deny the proposed amendment." The court reasoned that the amendment would merely allow the defendant to contest a disputed factual issue at trial, and further that it would be prejudicial to the defendant to deny the amendment.

The court also held that defendant and its insurance carrier, in investigating the circumstances surrounding the accident, had not been so lacking in diligence as to dictate a denial of the right to litigate the factual issue of manufacture of the slide.

On this record we hold that the trial court did not abuse its discretion in allowing the defendant to amend its answer.

### III. Separate Trials.

After Aquaslide was granted leave to amend its answer, it moved pursuant to Rule 42(b),[8] F.R.Civ.P., for a separate trial on the issue of manufacture of the slide involved in the accident. The grounds upon which the motion was based were:

(1) a separate trial solely on the issue of whether the slide was manufactured by Aquaslide would save considerable trial time and unnecessary expense and preparation for all parties and the court, and

(2) a separate trial solely on the issue of manufacture would protect Aquaslide from substantial prejudice.

The court granted the motion for a separate trial on the issue of manufacture, and this grant of a separate trial is challenged by appellants as being an abuse of discretion.

A trial court's severance of trial will not be disturbed on appeal except for an abuse of discretion. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974); *Chicago, R. I. & P. R. R. v. Williams*, 245 F.2d 397, 404 (8th Cir.), *cert. denied*, 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63 (1957).

The record indicates that Carl Meyer, president and owner of Aquaslide, designs the slides sold by Aquaslide. The slide which plaintiff Jerry A. Beeck was using at the time of his accident was very similar in appearance to an Aquaslide prod-

---

7. The district court noted in its order granting leave to amend that plaintiffs may be able to sue other parties as a result of the substituting of a "counterfeit" slide for the Aquaslide, if indeed this occurred. The court added:

   [a]gain, the Court is handicapped by an unclear record on this issue. If, in fact, the slide in question is not an Aquaslide, the replacement entered the picture somewhere along the Boldt to Sentry, Sentry to Purity, Purity to Kimberly Village chain of distribution. Depending upon the circumstances of its entry, a cause of action sounding in fraud or contract might lie. If so, the applicable statute of limitations period would not have run. Further, as defendant points out, the doctrine of equitable estoppel might possibly

preclude another defendant from asserting the two-year statute as a defense.
67 F.R.D. at 415.

8. Rule 42(b), F.R.Civ.P., provides as follows:

   Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

uct, and was without identifying marks. Kimberly Village had in fact ordered an Aquaslide for its swimming pool, and thought it had received one. After Meyer's inspection and Aquaslide's subsequent assertion that it was not an Aquaslide product, plaintiffs elected to stand on their contention that it was in fact an Aquaslide. This raised a substantial issue of material fact which, if resolved in defendant's favor, would exonerate defendant from liability.

Plaintiff Jerry A. Beeck had been severely injured, and he and his wife together were seeking damages arising out of those injuries in the sum of $2,225,000.00. Evidence of plaintiffs' injuries and damages would clearly have taken up several days of trial time, and because of the severity of the injuries, may have been prejudicial to the defendant's claim of non-manufacture. The jury, by special interrogatory, found that the slide had not been manufactured by Aquaslide. That finding has not been questioned on appeal. Judicial economy, beneficial to all the parties, was obviously served by the trial court's grant of a separate trial. We hold the Rule 42(b) separation was not an abuse of discretion.

The judgment of the district court is affirmed.