Jerry L. KEISTER, et al., Plaintiffs,

v.

The DOW CHEMICAL COMPANY,
Vertac Chemical Corporation, and
Hercules, Inc., Defendants.

No. LR–C87–236.

United States District Court,
E.D. Arkansas, W.D.

Oct. 8, 1989.

J. Mark Kressenberg, Jones & Granger, Houston, Tex., Griffin Smith, Smith, Smith, Nixon & Duke, Little Rock, Ark., Sidney Gilreath, Gary Davis, Gilreath & Associates, Knoxville, Tenn., and R. David Lewis, Little Rock, Ark., for plaintiffs.

Bruce Munson, Sarah Presson, Huckabay, Munson, Rowlett & Tilley, Lee L. Thalheimer, Arnold, Grobmeyer & Haley, and Steve Engstrom, Wilson, Engstrom, Corum & Dudley, Little Rock, Ark., for defendant, Vertac Chemical Corp. (receiver).

Ronald A. May, Wright, Lindsey & Jennings, Little Rock, Ark. and Eugene G. Partain and W. Gordon Hamlin, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendant, Hercules.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

### Introduction

Plaintiffs claim the negligent manufacture of chemicals at a plant owned and operated by Hercules and later Vertac injured them. Plaintiffs assert that Vertac was an independent contractor of Dow, which is therefore liable for some of their damages. Plaintiffs assert claims under federal statutes 42 U.S.C. §§ 9601, 9607(a), and 9613(b). Jurisdiction over the subject matter is therefore gained pursuant to 28 U.S.C. § 1331.

Dow, feeling its case would be prejudiced by defending with Hercules and Vertac, filed a motion for severance on June, 29, 1989. Plaintiffs filed a response in opposition to the motion on July 13, 1989, three days after the eleven day time for response described in Rule 20(b). *See* Rules of the U.S. District Courts for the Eastern and Western Districts of Arkansas. When computing the time allowed to respond, Saturdays, Sundays, and legal holidays will be included when the period of time prescribed is eleven days or more. Fed.R. Civ.P. 6(a). Plaintiffs did not request an extension to lengthen the time for response. In its motion, Dow asks that

> this court enter an order directing that all of defendants' claims against Dow be resolved in a separate trial from plaintiffs' claims against the other defendants.... [i]f this Court should determine that it is inappropriate to sever plaintiffs' claims against Dow at this time, Dow requests that the Court order that a limited trial be held to resolve plaintiffs' allegation that Dow is vicariously liable for the acts or omissions of Vertac and Dow's defenses to that allegation.

Dow filed a "Reply Memorandum" on August 1, 1989 "in order to demonstrate to the Court the extent to which plaintiffs misrepresent both law and fact...."

### Facts

Plaintiffs in this case are approximately 110 individuals alleging personal injury or property damage. The plaintiffs allege

that their injuries were caused by chemicals used and produced at a plant in Jacksonville, Arkansas. This plant was owned first by Hercules Inc. ("Hercules"), and later leased and then sold to the Vertac Chemical Corporation ("Vertac"). When Hercules purchased the Jacksonville facility in 1961, the plant was manufacturing phenoxy herbicides, a practice Hercules continued. The phenoxy herbicides produced were principally 2,4–dichlorophenoxyacetic acid (2,4,–D), 2,4,5–trichlorophenoxyacetic acid (2,4,5–T) and 2,4,5–trichlorophenoxypropionic acid (2,4,5–TP), also known as Silvex. Hercules also began the manufacture of the defoliant Agent Orange at the Jacksonville plant in the mid–1960s. In 1971, Hercules leased the plant to Transvaal, which reorganized in 1976 into Vertac.

During the 1970s, Vertac manufactured several chemical products which Dow purchased. Whether Vertac was acting as an independent contractor for Dow or whether Dow was merely purchasing a finished product from Vertac is a central issue in this case. Dow provided the chemicals to Vertac that it used to manufacture 2,4,–D, 2,4,5–T, and 2,4,5–TP. This Court has previously issued a motion denying Dow's request for summary judgment as to whether Vertac was acting as Dow's independent contractor. Dow now claims that its interests would be unfairly prejudiced if it were forced to defend with Hercules and Vertac. Dow has filed a motion for severance which is currently before the Court.

*Issues*

1) Whether Dow's motion should be treated as one for severance under Rule 21 or one for separate trial under Rule 42(b).

2) Whether an order for separate trials is in the discretion of the Court.

3) Standard for granting a separate trial:
 A) Whether Dow would be unduly prejudiced by defending its case with Hercules and Vertac.
 B) Whether trying the case against Dow and the other defendants would confuse the jury.
 C) Whether a separate trial of Dow's liability would be in the interests of judicial economy.

4) Whether Dow should be granted a separate trial solely on the issue of whether Vertac acted as its independent contractor.

*Discussion*

I. Severance or Separation

Courts and parties frequently use the terms "severance" and "separation" without maintaining the proper distinction between the two. *See Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F.Supp. 1122, 1132–33 (S.D.Tex.1976). Dow has asked this Court to grant it "severance," which is regulated by Federal Rule of Civil Procedure 21. In Dow's brief, however, it has cited Rules 21 *and* 42, concentrating on the latter which gives the elements of a motion for separation. (*See* Dow's Brief # 1, p. 6). While the concepts between severance and separation are theoretically and technically different, the two are often confused. *Id.* (citing 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2387 (1971)).

For the reasons stated below, the Court regards Dow's motion as one for a separate trial. Dow asks for a trial environment which would shield it from prejudice and possible confusion of the jury. (Dow's Brief # 1, p. 1). Rule 42(b), which controls separation, concentrates its examination on convenience and fairness. *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 361–62 (2nd Cir. 1974). Rule 21, governing severance, presupposes basic "conditions of separability in law and logic." *Id.* "Severance" results in discrete separately appealable actions. *Id.* A "separate trial," on the other hand, always results in a single judgment. *Id.*

The controlling factor in deciding between the two is whether the trial is, in effect, a "unitary problem." *Id.* at 362. The present case concerns the alleged injury of workers in a chemical plant. Dow is accused of using a negligent independent contractor to manufacture inherently unsafe chemical products. All plaintiff's

claims are related by the allegations of negligent operation. Severance is usually granted for counterclaims unrelated to the main action. *See United States v. O'Neil,* 709 F.2d 361, 368 (5th Cir.1983). In the case at hand separate trials, authorized under Rule 42, might benefit the parties and the Court, but independent suits, which come under Rule 21, would not. *See id.* The problem of whether liability exists, and if so, who is responsible, is the type of "unitary problem" for which separation was intended.

## II. Separation Is Within This Court's Discretion

■ The Federal Rules of Civil Procedure control requests for separation, whether these requests ask for totally separate trials or only to bifurcate issues. Rule 42(b) provides:

> The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue or of any number of claims ... or issues....

The decision to separate or bifurcate a trial is committed solely to the discretion of the trial court. *Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977). A District Court's order to order a separate trial will be overturned only for an abuse of that discretion. *Id.*

*Beeck* concerned a plaintiff who was injured at a swimming pool, allegedly on a water slide the defendant had manufactured. *Id.* at 538–39. The defendant disputed that his company had actually manufactured the water slide. *Id.* The trial court, in an effort to expedite the proceedings, decided to have a separate trial to distinguish the issue of manufacture from the issue of liability. *Id.* The issue of manufacture was heard first, decided for defendant, thereby rendering a trial on the issue of liability unnecessary. *Id.* Plaintiff appealed, but the 8th Circuit held that since the trial court had ordered a separate trial to save considerable trial time, expense, and possible prejudice to the parties,

the trial court had not abused its discretion. *Id.* at 541. In the present case, the decision whether or not to grant Dow's motion for a separate trial also rests at the discretion of this Court. So long as prejudice to the parties, confusion of the jury, and/or judicial economy are considered, the decision of separation is one for this Court.

## III. Standard for Granting a Separate Trial

### A) *Undue Prejudice*

■ Dow claims that forcing it to defend its position that it did not hire Vertac as an independent contractor along with the plaintiff's claims against Vertac and Hercules would cause it undue prejudice. Dow maintains that the introduction of evidence against Hercules and Vertac will severely prejudice Dow. (*See* Dow's Brief # 1, p. 7). Fearful of the "spill-over" effect such evidence against Hercules and Vertac would have on it, Dow moves for a separate trial as to its own liability and involvement. In essence, Dow is implying that two types of prejudice could occur. The first type concerns prejudice that would affect a jury's finding that Vertac was an independent contractor of Dow. The second type of prejudice concerns Dow's ultimate liability if Vertac is found to be Dow's independent contractor. Any prejudice to Dow, if existent, would have to be balanced against potential prejudice to the plaintiffs.

Sufficient prejudice can be adequate grounds for a trial court to grant a motion for a separate trial. *Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 541–42 (8th Cir.1977). Prejudice can result where evidence as to the specific injuries suffered by plaintiffs might influence the jury's consideration of other issues. *See id.* As mentioned *supra, Beeck* concerned a plaintiff who was injured on a waterslide he claimed defendant manufactured. Defendant denied that it had made the waterslide. After the trial court ordered a separate trial of the issue of manufacture, the jury found for defendant and plaintiffs appealed. *Id.* at 538–39. The 8th Circuit held that such a decision was within the discretion of the

trial court. *Id.* at 541–42. The court reasoned that the plaintiff's severe injuries might influence the jury to find defendant had indeed manufactured the slide regardless of evidence to the contrary. *Id. Beeck* can be distinguished from the present case, however, because the slide manufacturer was the sole defendant. Reasons of judicial economy therefore played a significant role, since without manufacture there could be no negligence.

Dow also asserts that its defense would be prejudiced by defending with Hercules and Vertac even if Vertac was found to be Dow's independent contractor. (*See* Dow's Brief, p. 13–14). This assertion contains an improper assumption that evidence concerning Vertac's negligent operations would be irrelevant to Dow. If Vertac indeed operated as Dow's independent contractor, the negligent operations and poor reputation of that independent contractor would indeed be relevant as to Dow's negligence in engaging them. *See Newton v. Clark,* 266 Ark. 237, 582 S.W.2d 955, 957 (Ark.1979). Dow would thus not be prejudiced by having its liability case heard with those of Hercules and Vertac, since their behavior is relevant to the propriety of its actions.

### B) *Confusion of the Jury*

 Dow also claims that forcing the jury to differentiate between its actions and those of Vertac and Hercules would be the source of great confusion to the jury. (*See* Dow's Brief # 1, pp. 14–18). Dow fears that the negligence of Hercules and Vertac will "spill-over" onto it, harming its chances of receiving a fair hearing. Granted, the jury must consider issues concerning both Dow's potential liability as an independent contractor and the ultimate liability of each named defendant. (*See* Dow's Brief # 2, pp. 2–3). If, however, a jury can separate and appraise the evidence against each defendant, a trial court need not grant a motion for severance. *United States v. Andrade,* 788 F.2d 521, 530 (8th Cir.1986). The *Andrade* court held that if the roles of the defendants are sufficiently distinct, and if the trial court gives adequate instructions, a jury can properly compartmentalize the evidence against each defendant. *Id.* Issues to consider are 1) the number of charges against the defendants, 2) the number of defendants, 3) the complexity of the issues, and 4) the length of the trial. *Id.*

In the present case, the charges against defendants amount, in essence, to a single charge of negligent operations. The roles of the defendants can be summarized as those of two separate owners of the plant, and Dow, which allegedly used Vertac as an independent contractor. The present case contains only three defendants, the same number the *Andrade* court found not to be confusing. *Id.*

In terms of complexity, the decisions to be made by a jury concerning the relative roles and liabilities of Dow, Hercules, and Vertac are not simple. The issues are, however, no more complex than a conspiracy to commit mail and wire fraud, or a newspaper plot to monopolize dissemination of news and advertising in violation of the Sherman Anti–Trust Act. *See Andrade,* 788 F.2d at 530; *United States v. Robinson,* 774 F.2d 261 (8th Cir.1985). Both of these issues were held not to be so complex as to confuse a jury. 788 F.2d at 530, 774 F.2d at 266–68. Similarly, the issues concerning whether Vertac was Dow's independent contractor, and Dow's potential liability are not too complex for a jury to handle.

Finally, the Court must consider the length of the trial as an element that may lead to jury confusion. *Andrade,* 788 F.2d at 530. This Court asked both sides how long each anticipated a trial for the nine bellwether plaintiffs to last. Plaintiff's replied that they expected it to run three or four weeks, while defendants' estimate ranged from "relatively short" to seven months. (*See* Pretrial Conference, pp. 34–35). The trial of the defendant in *Andrade* took a little over two weeks. 788 F.2d at 523. This Court must therefore speculate, based on reasonable expectations and the plaintiff's and defendant's estimates, as to the length of time it will take to try this case. Since the Court believes this time period will not tax the jury's attention

span, Dow's claims that the trial would confuse the jury should fail.

In sum, the potential confusion of the present case seems to be of the type a jury can deal with. The number of defendants, their roles, the complexity of the issues, the number of charges, and the possible length of the trial, all seem to be of a level a jury could manage. Dow should not be granted its motion for severance on this ground.

### C) *Judicial Economy*

■ Dow claims that its motion for a separate trial would be in the interests of judicial economy. A trial court may order a separate trial if doing so will save considerable time and unnecessary expense and preparation for all parties and the court. *See Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 541 (8th Cir.1977). Judicial economy results if granting a motion for a separate trial would eliminate the need for future trial if one of the parties is successful. *Id.* In *Beeck*, an accident victim claimed his injuries were caused by a certain manufacturer's waterslide. *Id.* at 538. The manufacturer denied both that it had manufactured the slide, and any form of negligence. *Id.* On the defendant's motion, the trial court granted a separate trial on the issue of manufacture. *Id.* at 538–39. The 8th Circuit agreed with the trial court, noting that if the defendant was found not to have manufactured the slide, a trial as to its negligence was superfluous. *Id.* at 541–42.

■ Dow argues that it is also in the interests of judicial economy to separate its trial from that of Hercules and Vertac. The problem with Dow's argument is that fundamental differences exist between its situation and those in which courts, such as *Beeck* have ordered severance. In *Beeck*, the alleged manufacturer was the only defendant: if it were found not to have manufactured the waterslide, there could be no trial for negligence. *Id.* In the present case, a trial will be held to determine the negligence of Vertac and Hercules regardless of whether Vertac is found to be an independent contractor of Dow's. The ad-

vantages of a separate trial which were noted by the *Beeck* court are therefore not relevant in the case at hand.

Were Dow's case separated from that of the other two defendants, a further potential complication could result which would hinder judicial economy. If Dow is found in a separate trial to have engaged Vertac as an independent contractor, the competence of Vertac would become relevant as to Dow's negligence in contracting with Vertac. *See Newton v. Clark*, 266 Ark. 237, 582 S.W.2d 955, 957 (Ark.1979) (the competence and reputation of an independent contractor is relevant as to the negligence of the corporation who engages him). If the trial had been separated, the evidence introduced against Hercules and Vertac would have to be repeated to show Dow's negligence. Courts should not enter orders for separate trials if doing so would require expenditure of additional time. *Frasier v. Twentieth Century–Fox Film Corp.*, 119 F.Supp. 495, 497 (D.C.Neb.1954). Since two juries would be hearing the evidence, the threat of inconsistent verdicts exists. To sever Dow's entire trial would thus hardly encourage judicial efficiency; indeed, a severance would greatly increase the time and energies expended of both the plaintiffs and this Court.

### IV. Separate Trial on Issue of Independent Contractor and Vicarious Liability

■ Dow has asked the Court, if it decides not to grant its motion for severance, to grant it a separate trial "on the limited issue of Dow's alleged vicarious liability." (Dow's Brief # 1, p. 21). This apparently refers to the issue of whether Vertac acted as Dow's independent contractor. Dow suggests that once such a determination had been made trial could proceed of all plaintiff's claims against all defendants. If Dow is found to be potentially liable only for the products it shipped into the plant, Dow suggests that the logical next step would be to sever plaintiffs' remaining products liability against Dow. (Dow's Brief # 1, p. 22).

On one hand, Dow's request has some merit. So far as the issue of whether Vertac acted as Dow's independent contractor, prejudice is possible. In addition, if Dow were found not to be vicariously liable for Vertac's acts, this might have the effect of speeding up further litigation. At a minimum, this issue would not have to be tried again at a second trial. At best, a negative verdict might cause one side or the other to attempt to settle. On the other hand, a separate trial for Dow would result in a large amount of repetitive evidence. Regardless of the outcome of the separate Dow trial, evidence concerning the negligence of Vertac and Hercules would have to be repeated at the second trial. Inconsistent verdicts also would remain a problem. Dow could be found guilty of negligence in contracting with Vertac due to Vertac's negligence, but in a subsequent trial, a jury could find Vertac to not be liable to plaintiffs.

*Conclusion*

Dow's motion for severance should be treated as a motion for separate trial. Dow should not be granted its motion for a separate trial on the grounds that the trial would confuse the jury because the case is not of the type that presents such a problem. In terms of judicial economy, the Court concludes that an entirely separate trial would take up more time than would proceeding against all three defendants. Dow's only true concern is whether its interests would be prejudiced by forcing it to stand trial with Hercules and Vertac. As stated above, this argument is only valid so far as the matter of whether Vertac was Dow's independent contractor is concerned. Jury instructions could properly shield Dow from prejudice. The problem, if it becomes a problem, can also be handled by a special question in the verdict form.

For the foregoing reasons, IT IS THEREBY ORDERED:

1) THAT DOW'S MOTION "REQUESTING THAT THIS COURT ENTER AN ORDER DIRECTING THAT ALL OF DEFENDANTS' CLAIMS AGAINST DOW BE RESOLVED IN A SEPARATE TRIAL FROM PLAINTIFFS' CLAIMS AGAINST THE OTHER DEFENDANTS" IS DENIED.

2) THAT DOW'S REQUEST "THAT THE COURT ORDER THAT A LIMITED TRIAL BE HELD TO RESOLVE PLAINTIFFS' ALLEGATION THAT DOW IS VICARIOUSLY LIABLE FOR THE ACTS OR OMISSIONS OF VERTAC AND DOW'S DEFENSES TO THAT ALLEGATION" IS DENIED.