Judy CORRIGAN

v.

METHODIST HOSPITAL, Sanford
H. Davne, M.D. and Donald
Myers, M.D.

Civ. A. No. 94–CV–1478.

United States District Court,
E.D. Pennsylvania.

Jan. 11, 1995.

Joseph L. Messa, Jr., Thomas W. Sheridan, Giuliana F. Robertson, Mark W. Tanner, Ominsky, Welsh and Steinberg, P.C., Philadelphia, PA, for plaintiff.

Nancy A. Nolan, Kimberly A. Cummings, Post & Schell, P.C., Philadelphia, PA, for defendant Methodist Hosp.

Kevin H. Wright, Amalia V. Romanowicz, Wright, Young & McGilvery, P.C., Plymouth Meeting, PA, for defendant Sanford H. Davne, M.D.

Daniel F. Ryan, III, Christine A. Egan, O'Brien & Ryan, Plymouth Meeting, PA, for defendant Donald Myers, M.D.

## MEMORANDUM

JOYNER, District Judge.

Defendant Myers has moved this Court to try Corrigan's negligent credentialling claim against Methodist in a trial separate[1] from her other claims. Defendant Davne has filed a joinder to this motion pursuant to Rule 26(b). That rule governs protective orders in the context of discovery, which has no applicability here. Nonetheless, we will treat his joinder as a motion requesting a separate trial for him as well as for Myers.

Federal Rule of Civil Procedure 42(b) states that a "court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." Myers's motion argues that he will be prejudiced and the jury confused if the claims against him (negligence and failure of informed consent) are heard in conjunction with the claims against Methodist. He asserts that separate trials are therefore warranted.

Myers argues that the basis of the negligent credentialling claim is that Methodist extended privileges to Myers despite knowing of his alleged reputation for performing "overly aggressive and indiscriminate" surgery, and as one who "was the subject of numerous lawsuits and whose medical judgment was in question, and despite the fact that Methodist's Physician review board unanimously rejected the extension of privileges" to Myers. The negligence claims against Myers are basically that he failed to appropriately diagnose and treat Corrigan and maintained detrimental conflicts of interest with Acromed Corporation and his own research interests.

 Courts order separate trials only when "clearly necessary." *Wetherill v. University of Chicago*, 565 F.Supp. 1553, 1566–67 (N.D.Ill.1983) (citing 5 James William Moore, *Moore's Federal Practice* ¶ 42.03[1], at pp. 42–37 to 42–38 & n. 4 (1982)). This is because "a single trial will generally lessen the delay, expense, and inconvenience to the parties and the courts." 5 James William Moore, *Moore's Federal Practice* ¶ 42.03[1], at p. 42–43 (1994); *Laitram Corp. v. Hewlett–Packard Co.*, 791 F.Supp. 113, 115 (E.D.La.1992); *Willemijn Houdstermaat-*

---

[1] Myers's motion is titled "Motion to Sever." The import of the motion, its supporting memoranda, and the rule cited, however, indicate that Myers actually desires a separate trial under Fed. R.Civ.P. 42(b). This rule and Rule 21, governing severance of claims, are not the same. We will analyze this Motion under Rule 42(b) and treat the motion as one for separate trials, not severance.

*schaapij BV v. Apollo Computer,* 707 F.Supp. 1429, 1433 (D.Del.1989). The movant has the burden to show prejudice. Moore at p. 42–48.

The decision to grant a separate trial is within a trial court's discretion, and is made by balancing the equities involved. Fed.R.Civ.P. 42(b); *Keister v. Dow Chem. Co.,* 723 F.Supp. 117, 120 (E.D.Ark.1989); *Laitram Corp.,* 791 F.Supp. at 115. Typically, separate or bifurcated trials are held for counterclaims or third party claims, for claims that are logical prerequisites of each other, or to determine affirmative defenses. Moore at pp. 42–48 to 42–51. A Colorado District Court found three factors to weigh in determining whether to order separate trials for separate defendants. These are 1) whether separate trials would further the convenience of the parties; 2) whether separate trials would promote judicial economy; and 3) whether separate trials would avoid substantial prejudice to the parties. *Tri–R Sys. v. Friedman & Son,* 94 F.R.D. 726, 727 (D.Colo.1982). That Court reasoned that "the mere possibility of some prejudice does not justify separate trials where such prejudice is not substantial and there are strong countervailing considerations of economy." *Id.*

Prejudice can be shown "where evidence as to the specific injuries suffered by plaintiffs might influence the jury's consideration of other issues." *Keister,* 723 F.Supp. at 121; *Laitram Corp.,* 791 F.Supp. at 116 ("there is the danger (especially perilous in complicated trials with many separate and distinct issues) that the jury will consider evidence that may be admissible on only one issue to the moving party's prejudice on other issues."). This is known as the "spill-over" effect. Because of this concern, separate trials are usually only granted when the matters are unrelated or involve different evidence. Moore at p. 42–61. We note that in the criminal context, courts frequently hold that juries are presumed capable of following their instructions, and joint trials upheld despite a possibility of prejudice. *United States v. Pofahl,* 990 F.2d 1456, 1483 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993); *United*

*States v. Gonzalez,* 933 F.2d 417, 426 (7th Cir.1991). If courts do not grant separate trials absent a showing of "compelling prejudice" in criminal cases, even when there is a threat of spill-over, we see no reason to set a higher test in civil cases. *Pofahl,* 990 F.2d at 1483.

To remedy any prejudice resulting from combined trials, courts have established various protective measures. These include cautionary warnings, limiting instructions and other instructions to the jury. *Wetherill,* 565 F.Supp. at 1567; *Tri–R,* 94 F.R.D. at 728 (limiting instructions, special verdict forms and separate counsel tables minimize any spill-over effect). Myers relies on *Holben v. Midwest Emery Freight Sys.,* 525 F.Supp. 1224 (W.D.Pa.1981) to support his motion for separate trials. This case does not help him, though, in that case, plaintiffs sued a delivery business following an accident caused by one of its drivers. The two causes of action were imputed negligence and negligent entrustment. The Court found that there would be prejudice to the defendant if evidence of the driver's poor driving record and accidents entered the case before the imputed negligence claim was resolved. Accordingly, the Court bifurcated the factual issues to cure this prejudice. *Id.* at 1225. The difference in the two cases is that in *Holben* the issues were bifurcated because each claim involved different evidence and witnesses and because only one defendant was involved. Here, there are three defendants with different claims against them, but with the same evidence relevant to each defendant. Myers presents us with no evidence that the proof and witnesses in each issue are different and easily separable. Instead, both Corrigan and Defendant Methodist assert that the witnesses and other evidence would be largely duplicative.

*Keister* involved a situation similar to the one at bar. There, plaintiff sued a chemical manufacturer and chemical plant owners and operators. The suit alleged that the plant owners and operators negligently manufactured chemicals. The owners and operators were alleged independent contractors of the manufacturer, making it liable for their negligence. The manufacturer sought separate

trials, partially on the ground that it would be prejudiced by defending with the owners and operators. The Court disagreed, and held that "the negligent operations and poor reputation of that independent contractor would indeed be relevant as to [the manufacturer]'s negligence in engaging them" and did not grant separate trials. 723 F.Supp. at 121. Here, there is simply a reversal of the party seeking separate trials. Myers seeks separate trials on the ground that evidence relating to negligent credentialling would prejudice him; there, the manufacturer sought a separate trial on the ground that evidence of an alleged independent contractor's negligence would prejudice it.

Using the above as guidance in this case, we find that Myers has not met his burden of demonstrating prejudice substantial enough to warrant separate trials. The claims that could conflict here are the negligent credentialling claim against Methodist and the negligence claim against Myers. The prejudice that Myers argues will harm him is the possibility that the evidence used to prove the negligent credentialling claim will spill-over and poison the jury against him on the negligence claim. The evidence proposed to support the negligent credentialling claim is the prior malpractice actions against Myers and the hospital's Physician Review Board's alleged recommendation to deny privileges to Myers. This evidence might not otherwise be admissible to prove whether Myers was negligent as to Corrigan.[2]

Any potential prejudice from spill-over is minimal, however, because the evidence on each count is not related to each other. We find that these claims are ones between which the jury can distinguish. The issue in one is Myers's alleged past negligence, and in the other, Myers's alleged negligence in one particular instance to one particular person. The evidence to support each claim is of a different nature, and could not be used by a reasonable jury for one to support the other. This fact also serves to eliminate Myers's argument of juror confusion.

On the other side of the equation, the equities favor a single trial. *Tri-R Sys.*, 94

F.R.D. at 727. First, separate trials would only further the convenience of the defendants, but not Corrigan. While defendants would be relieved of the burdens associated with a joint defense, Corrigan would be put to the cost of two separate trials, and would suffer delay in resolution of her claims. Second, separate trials would not promote judicial economy because a single trial would take less time and be resolved sooner that separate trials. Given this balance of the equities, separate trials is unwarranted.

We find that the jury can be expected to use the evidence in an appropriate manner, and we will give proper guidance to ensure that any spill-over has minimal effect. We plan to supplement our final instructions to the jury with cautionary instructions at the outset of any relevant evidence to the effect that certain evidence is to be used on certain claims only. We invite defendants to propose suggested instructions to the jury.

Because we do not find that Myers has met the burden of showing substantial prejudice sufficient to warrant separate trials, we DENY his and Davne's motions for separate trials. An appropriate Order follows.

---

**2.** We do not now address the question raised by Myers and Corrigan regarding the admissibility

at trial of various types of evidence, such as prior malpractice lawsuits.