**STATE OF OHIO, ex rel. Betty MONTGOMERY, Attorney General, Plaintiff,**

v.

**LOUIS TRAUTH DAIRY, INC., et al., Defendants.**

No. C–1–93–553.

United States District Court, S.D. Ohio, Western Division.

Oct. 13, 1995.

Stanley M. Chesley, Louise M. Roselle, Waite, Schneider, Bayless & Chesley Co., L.P.A., Cincinnati, OH, Doreen C. Johnson, Mitchell L. Gentile, Assistant Attorney Generals, Columbus, OH, and James R. Cummins, and Amy G. Applegate, Brown, Cummins & Brown Co., L.P.A., Cincinnati, OH, for Plaintiff State of Ohio.

Donald S. Scherzer and Joan Farragher, Kohrman, Jackson & Kranz Co., L.P.A., Cleveland, OH, for Defendant Reiter Dairy, Inc. and Broughton Foods Company, Inc.

Robert J. Rotatori and Richard L. Stoper, Jr., Gold, Rotatori & Schwartz Co., L.P.A., Cleveland, OH, for Defendant Superior Dairy, Inc.

William E. Johnson, Johnson, Judy, True & Guarnieri, L.L.P., Frankfort, KY, for Daniel G. Smith

Ralph E. Cascarilla, Walter & Haverfield, Cleveland, OH, for Goshen Dairy Company.

Robert P. Fitzsimmons, Fitzsimmons Law Offices, Wheeling, WV and William A. Kolibash, Phillips, Gardill, Kaiser, Boos & Altmeyer, Wheeling, WV, for United Dairy, Inc.

John Eklund, Calfee, Halter & Griswold, Cleveland, OH, for Smith Dairy Products Company, Inc.

William J. Brown, Robert G. Cohen, Melvin D. Weinstein, Emens, Kegler, Brown, Hill & Ritter, Columbus, OH, H. Stephen Harris, Jr., Karen B. Baynes, Alston & Bird, Atlanta, GA, Colleen K. Nissl, Borden, Inc., Columbus, OH, and Thomas F. Ryan, Sidley & Austin, Chicago, IL, for Defendants Borden, Inc., Borden, Borden, Inc. as a Successor to Meadow Gold Dairies, Inc., Meadow Gold Dairies, Inc., Borden, Inc. as a Successor to Valley Bell Dairy, and Valley Bell Dairy.

Stephen J. Squeri, Jones, Day, Reavis & Pogue, Cleveland, OH, for Defendant Hillside Dairy.

Crabbe, Brown, Jones, Potts & Schmidt by Brian E. Hurley, Cincinnati, Ohio, for Defendant Smith.

Taft, Stettinius & Hollister by Jack G. Donson, Jr., Cincinnati, Ohio, for Defendant Trauth.

### ORDER DENYING DEFENDANT'S MOTION FOR SEPARATE TRIALS

SPIEGEL, Senior District Judge.

## MOTIONS CONSIDERED

This matter is before the Court on the Defendant Louis Trauth Dairy's ("Trauth") Motion for Separate Trial and Modification of Scheduling Order (doc. 315), to which the Plaintiff (doc. 330) and Defendant Borden responded (doc. 329), and Trauth replied (doc. 334).

## BACKGROUND

This case involves claims of a series of conspiratorial acts on the part of numerous dairies throughout Ohio. The State of Ohio, along with over four hundred school districts, have accused numerous dairies[1] across Ohio of violating § 4 of the Clayton Act. Essentially, the Ohio attorney general accuses the Defendants of conspiring to set prices and allocate territories in the sale of milk to school districts. Ohio alleges a series of overlapping conspiracies. The evidence seems to indicate the possibility of two or three conspiracies.[2] At least one defendant,

---

1. Fifteen dairies were originally sued in this action. Two of the dairies, Meyer Dairy and Coors Dairy, have settled with the Plaintiff and were dismissed from the complaint.

2. The conspiracies are identified by the area in the state in which they are alleged to have operated. The Southwestern Conspiracy includes school districts from Columbus south to the Ohio River, from the Indiana border east to Scioto, Pike and Ross counties. The Eastern Conspiracy runs from Lake Erie south to the Ohio River, and from the Pennsylvania east to Scioto County.

Borden, is accused or participating in all of the conspiracies. Much of the Plaintiff's evidence consists of econometric analysis of the Ohio milk market and the bidding practices of the Defendants.

■ Trauth seeks a variety of relief in its Motion for Separate Trials and Modification of the Scheduling Order. First, Trauth seeks relief from the present discovery timeline. Second, Trauth seeks to be excused from the Summary Jury Trial scheduled for February 1996. Third, Trauth moves for a separate trial for the "Southwestern Conspiracy." Finally, Trauth, in its reply memorandum, seems to imply an argument that the causes here are misjoined under Rule 20(b). This issue, however, is not properly before the Court. Trauth only raised the misjoinder issue in its reply memorandum. Generally, misjoinder is to be addressed by a motion to sever under Rule 21 which Trauth has not filed nor mentioned in its present memoranda. Ohio, therefore, has not had an opportunity to respond. Accordingly, the Court does not address this final issue.[3]

## DISCUSSION

### I. Scheduling Order Modification

The Court finds that in the interests of fairness and justice, the deadline for discovery should be extended. The issues involved in this case are quite complex, and require the need for lengthy depositions of party experts. In addition, Trauth's involvement in ongoing related litigation in another jurisdiction further amplifies the need for a discovery extension. Accordingly, the Court GRANTS Defendant Trauth Dairy's Motion to Modify the Scheduling Order. The discovery schedule is MODIFIED and the Court hereby extends discovery until January 1, 1996.

### II. Summary Jury Trial

The Court believes that it is important that all parties be involved in the Summary Jury Trial. In order to promote settlement, it is essential that the parties receive an honest appraisal of the strength of their case from the jury. All parties must be present in order to achieve that end. Furthermore, the state will present evidence here that was not presented in the criminal proceedings. Trauth should be present to perceive the jury's reaction to this testimony. Accordingly, the Court DENIES Trauth's motion to be excused from the Summary Jury Trial.

### III. Motion for Separate Trials

Defendant Trauth Dairy has moved pursuant to Rule 42(b) to have the "Southwestern Conspiracy" tried separately from the "Eastern Conspiracies." Trauth claims that a single trial covering all of the alleged conspiracies will result in prejudice to them due to juror confusion, added expense from sitting through a trial where much of the evidence "has nothing to do with Trauth Dairy," and insufficient time to prepare for trial due to other pending litigation.

Trauth's motion requires a two step analysis to determine how this case should proceed to trial. First, the Court must determine whether the rules allow for consolidation of the issues here. Second, if a single trial is authorized, should the Court order separate trials regardless. The rules regarding consolidation and separation are contained in Rule 42(a) and (b) of the Federal Rules of Civil Procedure.[4] "This rule is a

One Plaintiff expert subdivides the Eastern Conspiracies into a Northeast and Southeast Conspiracy.

**3.** The Court has already denied one Motion to Sever filed by the Defendants in the Northeastern Conspiracy in this case. *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.,* 856 F.Supp. 1229 (S.D.Ohio 1994).

**4.** Rule 42 Consolidation; Separate Trials
(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; and it may order all the actions consolidated; and it may make such orders concerning proceedings there in as may tend to avoid unnecessary costs or delay.
(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and the litigants.' " *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985) (quoting *In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1012 (5th Cir. 1977)).

▮ Parties often confuse a motion to sever, which is encompassed in Rule 21, with a motion for a separate trial, which is contained in Rule 42(b). In its reply brief, Trauth argues that joinder of the alleged conspiracies here is improper under Rule 20(b) and that separate trials will remedy misjoinder. A motion to sever, however, is separate and distinct from a motion for a separate trial. *McDaniel v. Anheuser–Busch, Inc.,* 987 F.2d 298, 304 (5th Cir.1993). Even when actions are improperly joined, it is sometimes proper to consolidate them for trial. 9 Wright & Miller, *Federal Practice and Procedure,* Civil 2nd § 2382 (1995). "[M]ore than one party can be joined on a side under Rule 20(b) *only* if there is asserted on behalf or against all of them one or more claims for relief arising out of the same transaction or occurrence.... But the common question by itself is enough to permit consolidation, even if the claims arise out of independent transactions." *Id.* (emphasis added); *see also, Kenvin v. Newburger, Loeb & Co.,* 37 F.R.D. 473 (S.D.N.Y.1965); *Stanford v. Tennessee Valley Authority,* 18 F.R.D. 152, 154 (M.D.Tenn.1955) (trying misjoined cases together on the basis of common question of law). The only requirement in order to consolidate claims for trial is a common question of law. Fed.R.Civ.P. Rule 42(a). As a result, misjoinder itself does not mandate separate trials.

▮ There are numerous common questions of law and fact raised by the alleged conspiracies here. First, at least one defendant, Borden, is accused of participating in all three of the conspiracies. Second, evidence regarding the regulation and economics of the milk industry will be common to all Defendants. Finally, much of the evidence of conspiracy is derived from expert analysis of the milk market for Ohio's school districts.

Consequently, a large issue for the jury in this case will concern the reliability and accuracy of the experts' data and opinions. Accordingly, consolidation is proper because the only necessary element for consolidation under Rule 42(a) has be met.

The remaining question is whether the Court should exercise its discretion under Rule 42(b) to order separate trials for the different conspiracies. Under Rule 42(b), the Court may conduct separate trials as to individual claims and issues. There are three grounds upon which the Court may order separate trials: (1) for the convenience of the parties, (2) to avoid prejudice, or (3) to promote expeditious and efficient adjudication of a case. Fed.R.Civ.P. Rule 42(b). "The principal purpose of the rule is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation,* 857 F.2d 290, 307 (6th Cir.1988).

▮ The decision whether to try issues separately is within the sound discretion of the trial court. *Id.* The factors identified in Rule 42(b) are designed to enlighten the Court's discretion whether separate or joint trials are proper. There are no precise guidelines to determine the propriety of ordering separate trials. Generally, however, courts have adopted a case-by-case method depending on the facts in the individual case. *Id.* " 'In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation.' " *Id.* at 307–08 (quoting *In re Innotron Diagnostics,* 800 F.2d 1077, 1084 (Fed.Cir.1986)). In order to determine the separation issue the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it. 9 Wright & Miller, *Federal Practice and Procedure,* Civil 2nd § 2383 (1995). The Sixth Circuit stated that "[c]ases should be consolidated if the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and

available judicial resources.'" *Carpenter v. GAF Corporation,* 16 F.3d 1218 (1994) (unpublished opinion) (quoting *Hendrix,* 776 F.2d at 1495).

■ The best approach to applying the balance appears to be to determine whether each of the individual factors in Rule 42(b) weighs in favor or against separate trials. Then the court should compare the importance of these individual factors in the case at hand. Finally, the court should decide whether the factors in favor of separate trials outweighs those in favor.

The first variable is will separate trials be more convenient for the parties. Often, an argument that separate trials will convenience one party generally means that another party will · be inconvenienced. Here, Trauth objects to having to sit through testimony that does not apply to it. Furthermore, Trauth seeks a separate trial as a way of achieving relief from the present trial schedule. On the other hand, separate trials will require the state to present much of its evidence twice, including expert testimony, milk industry relations, and school district bidding practices. In addition, the state will face increased costs and delays necessitated by a second trial of the "Southwestern Conspiracy."

The Court does not believe that the present trial will inconvenience any of the parties, but that separate trials will inconvenience many. In fact, several of Trauth's arguments for separation are related to their desire to delay its trial date. The Court, however, is unimpressed with Trauth's arguments regarding lack of preparation time for trial. First, as Trauth points out in its argument to be dismissed from the Summary Jury Trial, it has already defended against these charges in a criminal trial. Second, this Court has already delayed the trial nearly a year from the originally scheduled trial date because of Trauth's involvement in other litigation. Third, the Court in this Order grants another discovery extension. As a result, the Court does not feel that Trauth will be prejudicially burdened by having to defend these same conspiracy charges in a Summary Jury Trial this winter.

The second factor is prejudice to the parties resulting from consolidation. Trauth argues that it will be prejudiced by the single trial due to juror confusion from the length and complexity of this case. Trauth, however, does not argue that its case will be prejudiced by the introduction of evidence against other conspirators. Trauth's main priority appears to be delaying the time at which it needs to defend against these claims.

■ The moving party has the burden to show prejudice. *Corrigan v. Methodist Hospital,* 160 F.R.D. 55 (E.D.Pa.1995) (citations omitted). Some of the evidence to be presented in this case will be technical. Furthermore, there is a possibility that the cumulative aspect of the evidence will affect the jury. Separate trials, however, will not make the evaluation of the evidence any less complex. Instead, two juries would have to sift through the expert testimony rather than one. Furthermore, any prejudice to the Defendant must be balanced against potential prejudice to the plaintiff. *Keister v. Dow Chemical Co.,* 723 F.Supp. 117, 120 (E.D.Ark. 1989). A second trial will effectively give the Southwestern Conspirators a second chance to discredit the state's expert testimony. Additionally, it will require the state to prosecute these claims twice.

The final factor of Rule 42(b) definitely favors consolidation. Separate trials will not improve judicial economy. In fact, the opposite is the case here. Separate trials will lead to several duplicative efforts by the Court and the parties.

Unlike the traditional bifurcation situation (i.e. where liability and damage questions are separated), separation of the "different" conspiracies here will lead to duplication without the possible benefit of making further proceedings unnecessary. "[A] court may try an issue separately if 'in the exercise of reasonable discretion [it] thinks that course would save trial time or effort or make the trial of other issues unnecessary.'" *In re Bendectin Litigation,* 857 F.2d 290, 316–17 (6th Cir. 1988) (quoting *Richmond v. Weiner,* 353 F.2d 41, 44 (9th Cir.1965)). There is no real evidence that separate trials in this instance will save trial time. In reality, separate trials will lead to much duplication. Among other

things, the Court will have to impanel two juries, and much of the experts' testimony will be repetitive. Furthermore, separate proceedings cannot be dispositive in this case. If the individual conspiracies are tried separately and the Defendants win the first trial, the Court will still have to try the "Southwestern Conspiracy" later. The Court will have to impanel a second jury, qualify the same experts twice, and hear duplicative evidence regarding the conspirators involved in all of the alleged conspiracies, and the milk industry and regulation thereof.

Of the three factors identified in Rule 42(b), both convenience and economy favor the continued consolidation of these claims for trial. A second conspiracy trial will increase costs for the Court, the state, and the defendants in a second trial since they will certainly want to observe the first trial. Furthermore, the first trial will not make any proceeding in a second trial unnecessary. On the other hand, any prejudice can be overcome through careful jury instructions. Accordingly, Trauth has not met its burden of showing that any prejudice to them outweighs the other factors which favors consolidation of these claims for trial.

## CONCLUSION

Therefore, the Court concludes that cost of delay and added expense of separate trials outweighs any prejudice to Trauth of a single trial. Accordingly, the Court DENIES Trauth's Motion for Separate Trial as to the "Southwestern Conspiracy" claim.

SO ORDERED.