John P. HOLBEN and Elaine M.
Holben, Plaintiffs,

v.

MIDWEST EMERY FREIGHT SYSTEM,
INC., t/a/d/b/a Haulmark Transport
Systems, Defendant.

Civ. A. No. 81–18 ERIE.

United States District Court,
W. D. Pennsylvania.

Nov. 17, 1981.

James J. Moran, Buffalo, N. Y., for plaintiffs.

John M. McLaughlin, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

Plaintiff was injured when struck from the rear by a truck operated by an employee of defendant Haulmark Transport Systems. The answer of Haulmark admits that the operator was its employee acting within the course of his employment, thus making Haulmark vicariously liable for any negligence of its employee.

Plaintiff amended his complaint to add a cause of action against Haulmark for negligent entrustment because it knowingly allowed a driver whom it knew to be careless, reckless and negligent to operate its tractor-trailer. The amendment to the complaint asks for punitive damage, on this count, alleging that defendant Haulmark's action was wilful, wanton, recklessly indifferent to the rights of others, and outrageous.

Defendant has filed a motion for partial summary judgment moving to strike the "negligent entrustment" cause of action and the claim for punitive damages.

Were it not for the punitive damages claim we would strike the "negligent entrustment" cause of action. Nothing can be gained from it when the defendant employ-

er has admitted the agency of the driver, and to permit the action to proceed on both counts would allow the introduction of evidence of prior accidents of the driver, highly prejudicial, irrelevant and inadmissable in the cause of action based on the imputed negligence of the driver. This is the tenor of the cases cited by the author of the Note in 73 Dickenson Law Review 696 (1969) *Negligent Entrustment in Respondeat Superior* where the negligent entrustment cause was precluded when agency was admitted. Other cases have allowed the negligent entrustment cause along with respondeat superior when agency was contested, or when liability was not specifically admitted, see *Clark v. Stewart* 126 Ohio 263, 185 N.E. 71 (1933).

However, where in a negligent entrustment case the plaintiff alleges that defendant's action was indifferent to the consequences and claims punitive damages, this becomes an important additional element to his case.

■ Therefore the critical point of our inquiry becomes defendant's argument that plaintiff may not recover punitive damages in this case as a matter of law. While a court may determine the right to or deny a claim for punitive damages as a matter of law under a motion for summary judgment, *Cochetti v. Desmond*, 572 F.2d 102 (3 Cir. 1978), and while punitive damages are not a favorite of the law (Id.), nevertheless the party against whom summary judgment is sought must be given the benefit all provable inferences in determining whether a genuine issue of material fact exists.

■ We cannot find that there is no genuine issue of material fact surrounding the claim for punitive damages. The defendant's own evidentiary material illustrates this. It shows that Haulmark was aware of its employee's driving record, including several accidents, traffic violations, and a discharge by a prior employer because of his accident record while employed by it. It is as much an issue of fact whether this conduct constitutes such indifference to the consequences as to merit punitive damages as it is a question of whether it constitutes

negligence. All that defendant has produced is evidence of the extent of the investigation and the standards that it utilized in employing this driver. While these may ultimately be sufficient in the mind of the trier of fact to disprove both the claims of negligent entrustment and reckless indifference, they do not remove these issues from trial. It may be that upon trial the evidence in support of punitive damages would not be sufficient to allow the claim to be submitted but this would be tested by a different standard than that of summary judgment. And ultimately in considering whether punitive damages should be awarded, the trier of fact must consider many factors to determine whether the conduct complained of rises to the level of such reckless indifference.

Therefore, in view of the issue of fact raised by the claim for punitive damages we hold that both the implied negligence claim and the negligent entrustment claim may be submitted to the jury. Of course, plaintiff is entitled to only one recovery for his actual damages. See *Breeding v. Massey* 378 F.2d 171 (8 Cir. 1967).

■ Finally, to avoid the prejudice in the trial of the imputed negligence claim of the introduction of evidence of defendant's driver's past accident and traffic violation history, the issue of liability on the imputed negligence claim can be tried first and submitted to the jury for its finding before any evidence in support of the negligent entrustment cause of action and the punitive damages claim is submitted. This court has frequently bifurcated and sometimes trifurcated factual issues at trial and this case presents an excellent situation for the application of such techniques.

The defendant's motion will be DENIED.